## CROWE V. CAPWELL.

1. **Evidence:** WHEN SECONDARY IS NOT ADMISSIBLE. Where a party, in order to lay the foundation for the introduction of secondary evidence, testified: "I looked for the note at home but could not find it," it was *held* that the proper foundation was not thereby laid.

2. **Principal and Agent:** AGENCY OF VENDOR. Where, in a sale of property, the note executed for the purchase price is made payable to a third party, who subsequently accepts it, this fact tends to prove that the property sold belongs to the third party, and that the vendor is his agent.

*Appeal from Fayette District Court.*

WEDNESDAY, DECEMBER 12.

ON the 18th day of January, 1872, plaintiff executed his promissory note to one S. L. Sheldon, the payment of which he secured by a chattel mortgage given at the same time. In January, 1874, the note being due and unpaid, Sheldon delivered the chattel mortgage to the defendant herein, who is sheriff of Fayette county, for foreclosure. The defendant took possession of the mortgaged property, and plaintiff commenced this action for its recovery.

It is averred in the petition that said note has been altered by changing the date of payment since its execution, without plaintiff's knowledge or consent; that said note was given to said Sheldon in consideration of a promise of said Sheldon, through his agent, Joseph Cramer, that he would deliver to plaintiff one cane crusher, and that, although demanded, said crusher has never been delivered.

The answer denies the alleged alteration of the note, and denies that said note and mortgage were given in consideration that said Sheldon would deliver a cane crusher to plaintiff, and denies Cramer was agent for Sheldon, or Sheldon & Co., in making any of the promises set out by plaintiff.

There was a trial by jury, and verdict and judgment for plaintiff. Defendant appeals.

*W. E. Fuller* and *Rickel & Clements*, for appellant.

No argument for appellee.

ROTHROCK, J.—I. It appears from the evidence that the note in controversy is a renewal of one previously given by the plaintiff, payable to the order of Sheldon & Co., or Sheldon & Bro. The first note was delivered to W. J. Cramer; it was given for a cane crusher, for which plaintiff contracted with Cramer. Plaintiff loaded the crusher on his wagon, and after taking it eight miles on the way to his home discovered that it was cracked and broken. He returned to Cramer without taking back the crusher, and demanded his note. Cramer refused to deliver it up, but wanted plaintiff to repair or return the mill, and get another. When Cramer sold the machine and took the note, he represented himself to be the agent of Sheldon & Co., or Sheldon & Bro.

When the agent of Sheldon demanded payment of this note, the note in suit and the chattel mortgage were given, and the first note was surrendered to plaintiff. The plaintiff did not produce the first note at the trial.

In order to lay the foundation for the introduction of secondary evidence, the plaintiff as a witness stated: "I looked for it at home, but could not find it." He was then permitted, against defendant's objection, to state to whom the note was payable. We think the court erred in this ruling. The witness did not state that he searched for the note in the place where he kept such papers, and was unable to find it. A search for it "at home" is too general and indefinite.

1. EVIDENCE: when secondary not admissible.

II. It is claimed by plaintiff that Cramer was the agent of Sheldon & Bro. in the sale of the crusher and taking the first note. The court instructed the jury as follo~ : "If you find from the evidence that the first was executed to Sheldon & Bro. for a cane crush , and they received the same, and attempted to collect the same, it is *prima facie* evidence of the agency of Cramer." There

2. PRINCIPAL and agent: agency of vendor.

was no error in this instruction. The fact that the note was made payable to Sheldon & Bro., and their acceptance of it, would tend to prove that the crusher was their property, and that they ratified the sale of it by Cramer.

III. The court further instructed the jury as follows: "5. If you find from the evidence that the first note was executed to Sheldon & Bro. for a cane crusher which never was delivered, the note was without consideration." The evidence did not warrant this instruction. The crusher which the plaintiff contracted for was delivered to him, and was taken by him some eight miles, and not returned.

IV. The following instruction was given: "If you find from the evidence that plaintiff, without fraud or unfairness practiced upon him, and with a full knowledge of all the facts, made the second note to compromise a dispute and to avoid litigation, or to secure extension of time on the first note, your verdict should be for the defendant.    *    *    *    *"

It is not claimed in the pleadings that any fraud or unfairness was practiced upon plaintiff in obtaining the second note, and the evidence is utterly barren of anything tending to show fraud. We think the jury may have been and probably were led by this instruction to believe that the note was void for fraud.

For these errors the judgment will be reversed and the cause remanded for a new trial.

REVERSED.